1

2

3

4                                 UNITED STATES DISTRICT COURT

5                                NORTHERN DISTRICT OF CALIFORNIA

6

7     DWAYNE BRIAN BURNS,                        Case No. 22-cv-00880-HSG

8                    Plaintiff,                  **ORDER OF DISMISSAL**

9            v.

10    HUMBOLDT RECOVERY CENTER,
      INC., et al.,
11
                     Defendants.
12

13          Plaintiff, an inmate at Kern Valley State Prison, has filed a *pro se* action against Humboldt

14    County Recovery Center, Inc ("HRC")., and certain employees of HRC, alleging violations of the

15    Americans with Disabilities Act, 42 U.S.C. § 12182, *et seq.*, and state law.  His complaint (Dkt.

16    No. 1) is now before the Court for review under 28 U.S.C. § 1915A.  Plaintiff has been granted

17    leave to proceed *in forma pauperis* in a separate order.

18                                            **DISCUSSION**

19    **A.      Standard of Review**

20          A federal court must conduct a preliminary screening in any case in which a prisoner seeks

21    redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C.

22    § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims

23    that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek

24    monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),

25    (2).  *Pro se* pleadings must, however, be liberally construed.  *See United States v. Qazi*, 975 F.3d

26    989, 993 (9th Cir. 2020).

27          Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

28    claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Specific facts are not

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1    necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

2    grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

3    While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,

4    the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

5    A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a

6    cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

7    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:   (1) that a

8    right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

9    violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487

10   U.S. 42, 48 (1988).

11   **B.      Complaint**

12          Plaintiff names as defendants the Humboldt County Recovery Center, Inc., HRC director

13   Arlette Large, HRC lead counselor John Remen, and Does 1-10.  The complaint makes the

14   following allegations.  Plaintiff is a member of one of the protected classes under the ADA.  He

15   does not specify what his disability is.  On July 7, 2021, Plaintiff began treatment for substance

16   abuse at the Humboldt Recovery Center.  On or about August 16, 2021, defendant Remen

17   informed Plaintiff that energy drinks were not allowed at HRC under any circumstances, even if

18   Plaintiff got a note from his doctor.  On August 30, 2021, defendant Large advised Plaintiff to

19   leave HRC and treatment immediately, stating that one of the reasons he was being asked to leave

20   was because he was unhappy with the energy drink policy.  Plaintiff had to leave the treatment

21   program thirty-five days early.  Plaintiff alleges that Defendants have violated the ADA by forcing

22   him to leave the treatment program, and that in violating the ADA, have also violated California

23   law.  Plaintiff requests statutory damages of $4,000 per violation, counting each day he was

24   refused entry into the program as a separate violation, for a total of $140,000 in statutory damages.

25   He also seeks unspecified declaratory and injunctive relief, and exemplary damages.  *See*

26   *generally* Dkt. No. 1.

27          The Court DISMISSES this action with prejudice for failure to state a claim for the

28   following reasons.

2

United States District Court
Northern District of California

1    Plaintiff has failed to state a claim under the ADA.   The elements of a cause of action

2    under Title II are that:
   (1) the plaintiff is an individual with a disability;

3       (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some
     public entity's services, programs, or activities;

4       (3) the plaintiff was either excluded from participation in or denied the benefits of the
     public entity's services, programs or activities, or was otherwise discriminated

5         against by the public entity; and

6       (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's
     disability.

7    *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).  As an initial matter, Plaintiff has not

8    sufficiently pled that he has a disability covered by the ADA.  In the context of the ADA, the term

9    "disability" means: "(A) a physical or mental impairment that substantially limits one or more of

10   the major life activities of the person; (B) having a record of such an impairment; or (C) being

11   regarded as having such an impairment." *Id.* § 12102(1).  His conclusory statement that he has a

12   disability within the meaning of the ADA is insufficient to state a claim for relief.  More

13   importantly, according to the complaint, he was not denied access to the treatment program

14   because of his disability, but because he wanted to bring in energy drinks while participating in

15   treatment at HRC.  Plaintiff has also failed to state a state law claim.  It is also unclear what state

16   law, if any, provides that a violation of the ADA violates state law.

17      The dismissal of the ADA claim and the related state law claim is with prejudice because

18   these claims could not possibly be cured by allegations of other facts.  *See Lopez v. Smith*, 203

19   F.3d 1122, 1130 (9th Cir. 2000) (district court should grant leave to amend unless pleading could

20   not possibly be cured by allegation of other facts).

21   **C.**  **Pending Motions**

22      Plaintiff has requested appointment of counsel.  Dkt. No. 7.  As discussed above, the

23   deficiencies identified in Plaintiff's claims cannot be cured by allegations of other facts.

24   Accordingly, the request for appointment of counsel (Dkt. No. 7) is DENIED as moot.

25   **CONCLUSION**

26      For the foregoing reasons, the Court DISMISSES the complaint with prejudice for failure

27   to state a claim; DENIES the request for appointment of counsel (Dkt. No. 7); and DENIES all

28   pending motions as moot.  The Clerk shall terminate all pending motions as moot, enter judgment

3

1    in favor of Defendants and against Plaintiff, and close the case.

2          **IT IS SO ORDERED.**

3    Dated:  3/1/2022

4                                        _____
                                         HAYWOOD S. GILLIAM, JR.
5                                        United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

4