UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE BRIAN BURNS,<br><br>    Plaintiff,<br><br>    v.<br><br>HUMBOLDT RECOVERY CENTER, INC., et al.,<br><br>    Defendants. | Case No. 22-cv-00880-HSG<br><br>**ORDER DENYING REQUEST FOR RELIEF FROM JUDGMENT PURSUANT TO FED. R. CIV. P. 60(b)(6); GRANTING EXTENSION OF TIME TO FILE NOTICE OF APPEAL**<br><br>Re: Dkt. Nos. 15, 16 |

Plaintiff, an inmate at California Institute for Men, filed a *pro se* action against Humboldt County Recovery Center, Inc ("HRC"), and certain employees of HRC, alleging that they violated the Americans with Disabilities Act, 42 U.S.C. § 12182, *et seq.* ("ADA"), and state law. Dkt. No. 1. On March 1, 2022, the Court dismissed this action with prejudice. Dkt. Nos. 11, 12. Now pending before the Court is Plaintiff's request for relief from judgment pursuant to Fed. R. Civ. P. 60(b), Dkt. Nos. 14, 15, and Plaintiff's request for an extension of time to file his notice of appeal, Dkt. No. 16. For the reasons set forth below, the Court DENIES Plaintiff's request for relief from judgment pursuant to Fed. R. Civ. P. 60(b), Dkt. No. 15, and GRANTS Plaintiff's request for an extension of time to file his notice of appeal, Dkt. No. 16.

**DISCUSSION**

**I.    Procedural History**

The complaint alleges that Humboldt County Recovery Center, Inc ("HRC") and certain employees of HRC, collectively "Defendants," violated the ADA and state law they forced Plaintiff to leave an HRC treatment program because Plaintiff refused to abide by the "no energy drink" policy even though Plaintiff consumed energy drinks primarily to manage his unspecified

1   disability. Dkt. No. 1. On March 1, 2022, the Court dismissed the action for failure to state
2   cognizable claims. The Court stated that Plaintiff had failed to state an ADA claim because his
3   conclusory statement that he had a disability within the meaning of the ADA was insufficient to
4   state an ADA claim and because, according to the complaint, he was not denied access to the
5   treatment program because of his disability, but because he wanted to bring in energy drinks while
6   participating in treatment at HRC. The Court further found that Plaintiff has failed to state a state
7   law claim because it is unclear what state law, if any, provides that a violation of the ADA violates
8   state law. The Court dismissed the action with prejudice because these claims could not possibly
9   be cured by allegations of other facts. Dkt. No. 11. The Court entered judgment in favor of
10  Defendants. Dkt. No. 12.

**II.    Request for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b)(6)**

   **A.    Legal Standard**

Where the court's ruling has resulted in a final judgment or order (e.g., after dismissal or summary judgment motion), a motion for reconsideration may be based on Fed. R. Civ. P. 60(b) (motion for relief from judgment). *See* Fed. R. Civ. P. 60(b). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1K, Multnomah Cty, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993) (applying in context of reconsideration motion brought pursuant to Fed. R. Civ. P. 59(e)). Fed. R. Civ. P. 60(b)(6) provides for reconsideration for any reason justifying relief. Fed. R. Civ. P. 60(b)(6).

   **B.    Analysis**

Plaintiff argues that he is entitled to relief under Fed. R. Civ. P. 60(b)(6) because (1) the Court applied the wrong standard of review, and (2) Plaintiff should have been allowed leave to amend to allege facts that would state a cognizable claim for relief.

First, Plaintiff argues that the Court erred in screening this complaint because Section 1915A(a) only requires screening where the plaintiff seeks redress from a governmental entity or officer or employees of a governmental entity. Plaintiff seeks relief from HRC, which is a private

1  not-for-profit California corporation, and from HRC employees.

2        Second, Plaintiff argues that he has stated a claim under Title III of the ADA because Title III prohibits, in relevant part, a place of public accommodation from refusing to make reasonable modifications in policies that are necessary to afford its facilities or services to individuals with disabilities unless the entity can demonstrate that such modifications would fundamentally alter the nature of such facilities or services.

      Finally, Plaintiff argues that he has stated a state law claim under Cal. Civil Code § 51(b), the Unruh Act, and that a violation of the ADA violates the Unruh Act. *See generally* Dkt. No. 15. In his supporting declaration, Plaintiff states that his disability is "severe depression;" that energy drinks help pick up his mood, thereby alleviating his depression; and that he could not remain in an un-hospitalized state or atmosphere without drinking energy drinks when feeling depressed or overwhelmed. Dkt. No. 14 at 4.

      The Court has carefully considered Plaintiff's arguments and declaration and finds that Plaintiff is not entitled to relief under Fed. R. Civ. P. 60(b)(6). Plaintiff is correct that 28 U.S.C. § 1915A is inapplicable to this action. However, 28 U.S.C. § 1915(e)(2)(B)(ii) provides that a court must dismiss an *in forma pauperis* action at any time if the court determines that the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court properly screened this action for cognizable claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

      The Court finds that Plaintiff has failed to state a claim under Title III of the ADA. The Court assumes arguendo that HRC is a place of public accommodation and Plaintiff is disabled within the meaning of the ADA. However, as stated in the Order of Dismissal, Plaintiff was not denied access to HRC's treatment program *because of* his disability, but because he wanted to bring in energy drinks while participating in treatment at HRC. Title III of the ADA prohibits discrimination by public accommodations as follows: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Discrimination is denied, in relevant part as, "a failure to make reasonable

3

modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations." 42 U.S.C. 12182(b)(2)(A)(ii). Although Plaintiff's need to consume energy drinks stemmed from his disability, requiring HRC to allow consumption of energy drinks by its program participants is not "necessary" to afford HRC's services or facilities to individuals suffering severe depression, even if it is necessary to allow Plaintiff to access HRC'S services and disabilities. *Cf. A.L. ex rel. D.L. v. Walt Disney Parks & Resorst U.S., Inc.*, 900 F.3d 1270, 1296 (11th Cir. 2018) (under ADA, "facilities are not required to make the preferred accommodation of plaintiffs' choice."). The prohibition on energy drinks applies to all participants of HRC's treatment program, not just participants suffering from depression. Energy drinks are not consumed solely by depressed individuals. The prohibition on energy drinks does not discriminate against individuals with severe depression. *Cf. Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1116 (9th Cir. 2000) ("there is no discrimination under the [ADA] where disabled individuals are given the same opportunity as everyone else, so insurance distinction that apply equally to all employees cannot be discriminatory.") (holding that employer did not violate ADA by offering group disability insurance policy as fringe benefit that provided more benefits for physical disabilities than for mental disabilities where all employees had same options: buy into group policy with limitation at cheaper group price or buy individual insurance coverage without limitation at market price).

Plaintiff has failed to state an ADA claim. The Court declines to exercise supplemental jurisdiction over Plaintiff's potential state law claim because the Court has dismissed all claims over which it has original jurisdiction. *See Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (citing 28 U.S.C. § 1367(c)(3)) (citation omitted) (original brackets) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."). The Court therefore also declines to screen Plaintiff's state law claim.

The Court did not commit clear error in dismissing this action with prejudice. The Court DENIES Plaintiff's request for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(6). Dkt. No. 15.

### III.  Ex Parte Application for Extension of Time to File Notice of Appeal

Plaintiff requests an additional thirty days to file his notice of appeal because he received the Order of Dismissal and related judgment on March 15, 2022; he was in medical isolation from March 16, 2022 to March 28, 2022 due to being a COVID close contact; during March 2022, the law library was only open on Thursdays and Fridays for limited hours; and the library was not open on March 31, 2022, the first Thursday after Plaintiff was released from medical isolation. Dkt. No. 16. Petitioner has shown good cause for the extension of time and timely requested the extension of time. Fed. R. App. P. 4(a)(1)(A) (notice of appeal must be filed with district clerk within 30 days after entry of judgment or order appealed); Fed. R. App. P. 4(a)(5)(i) (motion for extension of time to file appeal must be filed no later than 30 days after time prescribed by Rule 4(a) expires). The Court GRANTS Petitioner's request for an extension of time to April 30, 2022 to file his Notice of Appeal. The Order of Dismissal and related judgment were entered on March 1, 2022. Plaintiff's Notice of Appeal, filed on April 27, 2022, is therefore timely filed.

### CONCLUSION

For the reasons set forth above, the Court DENIES Plaintiff's request for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(6), Dkt. No. 15; GRANTS Plaintiff's request for an extension of time to file his notice of appeal, Dkt. No. 16; and deems Plaintiff's notice of appeal timely filed.

This order terminates Dkt. Nos. 15, 16.

**IT IS SO ORDERED.**

Dated: 5/18/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge